UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCES HINES,<br><br>               Plaintiff,<br><br>v.<br><br>SPIRIT AIRLINES INC.,<br><br>               Defendant. | Civil Action No. |

## NOTICE OF REMOVAL

Defendant Spirit Airlines Inc. ("Spirit"), by and through its attorneys, files this Notice of Removal in accordance with 28 U.S.C. §§ 1331, 1441 and 1446 and remove this action from the Trial Court of Massachusetts, Boston Municipal Court Department, in the County of Suffolk, where the action is now pending, to the United States District Court for the District of Massachusetts. As grounds for removal, Spirit states as follows:

1. On February 28, 2022, pro se plaintiff Frances Hines commenced a civil action against Defendant in Boston Municipal Court entitled *Frances Hines v. Spirit Airlines Inc.,* Civil Action No. 2202SC000067 (the "BMC Action").

2. Attached hereto as **Exhibit A** is a true and correct copy of the Statement of Small Claim (complaint), and Notice of Small Claim Trial, which constitutes all pleadings and orders served upon Defendant in the BMC Action to the present date. *See* 28 U.S.C. § 1446(a).

3. Spirit was served with the Notice of Small Claim Trial on March 7, 2022.

4. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is being "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading

has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

5. Plaintiff first commenced an action against Spirit on August 31, 2020, based on the same set of allegations set forth in the Complaint in the BMC Action, in Suffolk Superior Court, in the matter entitled: *Hines v. Spirit Airlines Inc.*, Civil Action No. 2084CV01968 (the "Superior Court Action"). A true and accurate copy of Plaintiff's Complaint in the Superior Court Action is attached as **Exhibit B**. In the Superior Court Action (as in the BMC Action), Plaintiff asserted that Spirit had unlawfully discriminated against her in connection with an incident that took place in Atlanta, Georgia on September 4, 2018. In the Superior Court Action, Hines asserted two claims against Spirit Airlines: (i) "unlawful discrimination on the basis of disability in violation of M.G.L. 272 § 98," and (ii) violating her "due process" under Amendments 5 and 14 of the United States Constitution. Superior Court Action Complaint, p. 2.

6. On January 19, 2022, Defendant moved to dismiss Plaintiff's Complaint in the Superior Court Action on multiple grounds: (i) the Court lacked personal jurisdiction over Plaintiff's claims because they were based on an alleged incident in Georgia, not Massachusetts; (ii) two federal statutes preempt Plaintiff's § 98 claim, one that prohibits enforcement of state laws relating to airlines' "price, route, or service," which Congress has deliberately exempted from state regulation, and another – the Air Carrier Access Act -- that governs the very conduct that Plaintiff complains of in her complaint; (iii) even if Plaintiff could bring a claim in court, the proper venue would be a court in Georgia; (iv) Plaintiff's "due process" claim fails because Spirit is not a governmental entity; (v) Plaintiff's state law claim for discrimination in public accommodations fails because the complaint does not allege even the most basic facts necessary to support such a claim; and (vi) Plaintiff failed to make proper service of process on Spirit.

7. In a January 26, 2022 Memorandum of Decision and Order issued in the Superior Court Action, the Superior Court denied Spirit's motion to dismiss, stating (in error, for reasons to be explained in Spirit's forthcoming motion to dismiss):

> The Court rejects the Defendant's federal preemption defense as a basis for dismissal of the action outright, noting that Plaintiff may properly assert her claims of disability discrimination in public accommodation under the federal *Americans With Disabilities Act*…. The Complaint sets forth facts sufficient to state such a claim, and the Court will not dismiss the action merely because a *pro se* litigant has neglected to reference the statute explicitly. (Emphasis added.)

8. A true and accurate copy of the Superior Court Order is attached hereto as **Exhibit C.** Thus, the Court allowed Plaintiff's case to proceed on the grounds that Plaintiff unknowingly asserted a viable cause of action under a federal statute, 42 U.S.C. § 12101 *et seq*.

9. However, instead of allowing Plaintiff's claims to proceed in Superior Court, the Court gave Plaintiff twenty days to show cause "why this action should not be remanded to the District Court for failure to demonstrate a 'reasonable likelihood' that her recovery will exceed the jurisdictional threshold of the Superior Court" of $50,000. Superior Court Order at 3; *see also* Mass. Gen. Laws ch. 212, § 3. The Court also gave Plaintiff twenty days to amend her complaint "to assert her claim of discrimination in public accommodation under the Americans With Disabilities Act." Superior Court Order at 3.

10. Instead of amending her Complaint to assert an ADA claim or showing cause why the case should not be remanded to District Court, on February 11, 2022, Plaintiff filed a motion for voluntary dismissal. Plaintiff's Voluntary Dismissal notice is attached as **Exhibit D**.

11. The Superior Court granted Plaintiff's request for voluntary dismissal on February 15, 2022. The Court's order granting Plaintiff's request is attached as **Exhibit E**.

12. As set forth in paragraph 1 above, Plaintiff filed her new complaint in Boston

Municipal Court on February 28, 2022 (electing to pursue the case in Small Claims Court instead of the regular civil session of the district court). Although Plaintiff's complaint in the BMC Action does not explicitly assert a claim for violation of the Americans With Disabilities Act, the Superior Court's January 26, 2022 Order makes clear that she is asserting (and is required to assert) a claim under that federal statute. The Superior Court's January 26, 2022 Order also makes clear that Plaintiff's claim for discrimination in a place of public accommodation under Massachusetts law (Mass. Gen. Laws ch. 272, § 98) is preempted by federal law.

13. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the allegations contained in plaintiff's complaint are based on rights and remedies conferred under federal law. *See* Statement of Small Claim at Part 4 and *supra* ¶¶ 5-12. In addition, Plaintiff asserts that Spirit violated her "due process" and "civil rights" when it allegedly harassed and discriminated against her on the basis of her disability. *Id*. Thus, this is a civil action over which this Court has original "federal question" jurisdiction under 28 U.S.C. § 1331, in that the action arises under the Constitution, laws, or treaties of the United States.

14. Furthermore, to the extent that Plaintiff is asserting a state law claim (even though the Superior Court dismissed her state law claim), the Court has supplemental jurisdiction over any such claims. 28 U.S.C. § 1367(a). Plaintiff's federal claims and purported state law claims arise from the same case or controversy because they all stem from Plaintiff's allegations that Spirit violated her civil rights under the ADA. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(a).[1]

15. This Notice of Removal is being filed in the District of Massachusetts, the District

---

[1] As Spirit intends to argue in a motion to dismiss following the removal of this case, Plaintiff's claims for disability discrimination in connection with air travel are governed exclusively by the Air Carrier Access Act, 49 U.S.C. § 41705, and Plaintiff failed to pursue her remedies under that exclusive avenue.

Court of the United States for the district and division within which the State Court Action is pending.  28 U.S.C. §§ 1441(a) and 1446(a).

16. A true and complete copy of this Notice of Removal has been served this day on the Clerk of the Boston Municipal Court Department for filing in accordance with 28 U.S.C. § 1446(d).  A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit F**, the original of which is being filed with the clerk of court for Boston Municipal Court, Roxbury Division.

17. This Notice of Removal and a Notice of Filing of Notice of Removal have also been served this day via email and first class mail upon pro se Plaintiff, Frances Hines.

WHEREFORE, Defendant Spirit Airlines Inc. respectfully requests that the State Court Action be removed and hereinafter proceed in the United States District Court for the District of Massachusetts.

        Respectfully submitted,

        SPIRIT AIRLINES INC.

        By its attorney,

        /s/ Francis J. Bingham
        Francis J. Bingham, Bar No. 682502
        fbingham@littler.com

        LITTLER MENDELSON, P.C.
        One International Place
        Suite 2700
        Boston, MA  02110
        Telephone:   617.378.6000
        Facsimile:    617.737.0052

Dated: April 4, 2022

## CERTIFICATE OF SERVICE

      I, Francis J. Bingham, hereby certify that on this 4th day of April 2022, the foregoing document was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, and that a true copy was served via email and first class mail upon pro se plaintiff:

Frances Hines
23 Westminster Avenue
Roxbury, MA  02119
franceshines22@yahoo.com

                                         /s/ Francis J. Bingham
                                         Francis J. Bingham

4879-4315-4967.1 / 060355-1082