United States District Court
District of Massachusetts

FILED
IN CLERKS OFFICE
2022 APR 12 PM 4: 03

April 12, 2022

BPS 15CV11897-DJC

Frances Hines PRO_SE
23 Westminster Avenue
Roxbury, MA 02119

RE: Motion to Review Case

I would like to file a motion to have my case reviewed. 15CV11897. The USDC Dismissed my case in 2018. I appeal the decision reference case #above 11/07/2018 with the U.S.C. Appeal for the 1st Circuit. It was dismissed in 2020.

I believe my case was dismissed in 2018 by the U.S.D.C. with Point of Facts overlooked with Bias, Prejudice, falsifying information, and affidavits. Breach of Contract. I am presently retired as of March 1, 2019 from Boston Public Schools.

I stated to the USCA that the Judge got it wrong. And that I was entitled to relief. Also that I am a qualified disabled person. This is in violation of M.G.L. Chapter 151B, 272 Section 98, M.G.L. Section 4 Paragraph 4 and Title VII and ADA.

The above courts dismissed my case of disability because the employees prepared & submitted false reports & affidavits in writing. And to do whatever is deemed necessary for me, to keep from getting effective redress or any grievance at any administrative proceeding and in a court of Law. I produced medical evidence. I argued to introduce evidence that I was regarded as handicap. My employer argued I was not disabled and convinced USDC the same and presented reports, alleging I am not disabled.

First of all BPS are not medical doctors to diagnose my condition. My doctor's report clearly defines me disabled. Because of BPS wrongful doing, wherein the case is public information. Now Spirit airlines is referring to Judge D. Casper USDC court dismissal. Also BPS did their breach of contract.

Enclosures

1. There was a dispute in the evidence of whether Ms. Hines was handicapped severely enough to claim protection under the handicap protect laws.[1]

    1.1. She introduced medical evidence[2]

    1.2. She introduced occupational evidence.

    1.3. She argued introduced evidence that she was regarded as handicapped.

    1.4. The employer introduced no medical evidence.

    1.5. Ms. Hines is entitled to a presumption that her facts are correct in a summary judgment motion against her.[3]

    1.6. The Court found that her medical problems were not severe enough to be handicapped under the law.

2. Stair climbing is a "major life activity"

    2.1. Being able to climb stairs, but only very slowly makes Ms. Hines a handicapped person.

    2.2. Stair climbing is part of walking which is indisputably a major life activity.[4]

    2.3. The First Circuit has not decided this issue before, although other circuits have.

3. Retaliation because of a perceived handicap is illegal.

    3.1. After Ms. Hines requested a reasonable accommodation her work assignments became more dangerous and less desirable.

    3.2. A teacher told Ms. Hines that she was being left alone with disruptive students who behaved badly because of her accommodations.[5]

    3.3. Dr. Ingelfinger, her doctor, wrote that Ms. Hines reassignment was due to retribution.[6]

    3.4. These are factual issues that must be decided by a jury.

---

[1] MGL. Ch. 151B, §4, the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq* and the Rehabilitation Act, 29 U.S.C. §§701 *et seq*.
[2] Plaintiff's Exhibit 30. Plaintiff's Exhibit 19, Page 79, line 1-12.
[3] Kennedy v. Josephthal & Co., Inc. 814 F.2d 798, 804 (1st Cir. 1987)
[4] 29 C.F.R. §1630.2(i)
[5] Affidavit of Hines, 32.
[6] Plaintiff's Statement of Fact 157.

4B