**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| **FRANCES HINES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.** |
| | ) | **22-10490-FDS** |
| **v.** | ) | |
| | ) | |
| **SPIRIT AIRLINES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S**
**MOTION TO REMAND AND DEFENDANT'S MOTION TO DISMISS**

**SAYLOR, C.J.**

This case arises from a dispute between an airline and a passenger.  Plaintiff Frances

Hines alleges that before and after her flight, employees of defendant Spirit Airlines, Inc.

discriminated against her on the basis of her disability, treated her harshly, improperly forced her

to pay to check a bag, and refused to help her file a complaint.  Hines, who is proceeding *pro se*,

initially filed this suit in the Boston Municipal Court, asserting claims of breach of contract,

discrimination on the basis of disability, violation of due process, violation of civil rights, and

infliction of emotional distress.  Spirit removed the action to federal court, and now moves to

dismiss the action pursuant to the Air Carrier Access Act, 49 U.S.C. § 41705.  Plaintiff opposes

the motion to dismiss and has separately moved to remand the action to the Boston Municipal

Court.

For the following reasons, the motion to remand will be granted.  Defendant's motion to

dismiss will be denied as moot.

I.      **Background**

    A.      **Factual Background**

Unless otherwise noted, the facts are stated as set forth in the complaint.

Frances Hines is a resident of Roxbury, Massachusetts.

Spirit Airlines, Inc. is an air carrier that operates flights throughout the United States.

The complaint alleges that, on September 8, 2014, Hines flew from Atlanta, Georgia, to Boston, Massachusetts. (Compl. at 3). It alleges that before the flight, she was "treated worse than [any] other fellow passenger[s] in a public place." (*Id.*). Spirit employees allegedly demanded that she move "out of line" and escorted her in a wheelchair to the second floor of the terminal. (*Id.*). The employees asked her to pay to check her bag again, despite the fact that she already paid to check her bag. (*Id.*). Hines, who "walk[s] with a noticeable limp," alleges that she was embarrassed and humiliated by the experience. (*Id.*). She sought medical attention because of elevated blood pressure. (*Id.*).

Upon arriving in Boston, Hines visited the Spirit customer service desk and asked to file a complaint. (*Id.*). The complaint alleges that she was ignored. (*Id.*).

    B.      **Procedural History**

Hines first filed suit against Spirit on August 31, 2020, in Suffolk Superior Court. The complaint was based on the same set of facts as in the present case. It asserted claims of infliction of emotional distress, discrimination on the basis of disability under Mass. Gen. Laws. ch. 272, § 98, and violation of her due-process rights under the U.S. Constitution. Spirit moved to dismiss, arguing that the court lacked personal jurisdiction; that Georgia was the proper venue for suit; that federal law preempted the claim; and that the complaint failed to state a claim upon which relief could be granted.

On January 26, 2022, the Superior Court denied Spirit's motion to dismiss and ordered

Hines (1) to amend her complaint to assert a claim under the Americans with Disabilities Act to avoid a federal preemption issue and (2) to show that her claim met the jurisdictional threshold for actions in the Superior Court.

On February 11, 2022, Hines voluntarily dismissed that complaint.

On February 28, 2022, Hines filed a new complaint in the Boston Municipal Court.  The new complaint asserts claims of breach of contract, discrimination, violation of due process, violation of civil rights, and infliction of emotional distress.  It requests damages of $7,000.

On April 4, 2022, Spirit removed the action from the Boston Municipal Court to this court.  In its notice of removal, Spirit contends that the federal courts have original jurisdiction over the action because the complaint alleges claims based on federal law.  Specifically, Spirit contends that the claims of discrimination, violation of due process, and violation of civil rights should be properly construed as federal claims.

On April 11, 2022, Spirit moved to dismiss, contending that all claims should be dismissed with prejudice.  It contends that the complaint asserts a claim under the ADA, and that such a claim is untimely and fails as a matter of law.  It further contends that the Air Carrier Access Act governs the action and precludes a private right of action.  Finally, it contends that the remaining claims are not cognizable as a matter of law.

On April 12, 2022, Hines filed a motion to remand the action to the Boston Municipal Court.  She contends that the federal courts do not have subject-matter jurisdiction (1) because all claims are based on Massachusetts law, not federal law, and (2) because the "sum of money" sought as damages is less than $100,000.

II.     **Motion to Remand**

A defendant may remove a civil action brought in state court to the federal court "embracing the place where such action is pending."  28 U.S.C. § 1441(a).  The removed action

must be one over which the federal courts have original jurisdiction.  *Id.*  A defendant may

remove any civil action from a state court to the federal court within which the action is pending

by filing a notice of removal within thirty days of receipt of either the pleading or a summons.

*Id.* § 1446(a).  Here, defendant timely removed the action to the District of Massachusetts.

Plaintiff contends that this court does not have subject-matter jurisdiction over the action,

and that therefore the case should be remanded.

A.      **Legal Standard**

The court has original jurisdiction over "federal question" cases—that is, cases

"arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331.

Generally speaking, federal-question jurisdiction arises only if a federal claim appears

"within the four corners of the complaint."  *BIW Deceived v. Local S6, Industrial Union of*

*Marine & Shipbuilding Workers of Am.*, 132 F.3d 824, 831 (1st Cir. 1997).  There is no

amount-in-controversy requirement for federal-question jurisdiction.

Federal courts have also have original jurisdiction over cases in which there is

complete diversity among the parties and the amount in controversy exceeds $75,000.  28

U.S.C. § 1332(a).  The amount set forth by plaintiff in the complaint controls as long as it

was asserted in good faith.  *See Barrett v. Lombardi*, 239 F.3d 23, 30 (1st Cir. 2001) (citing

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

Finally, the complaint must be construed liberally in light of plaintiff's *pro se* status.

"[A] document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S.

97, 106 (1976)) (internal citations and quotation marks omitted); *see also* Fed. R. Civ. P. 8(e)

("Pleadings must be construed so as to do justice.").  A court is "obligated to make a

determined effort to understand what the pleader is attempting to set forth and to construe the pleading in his or her favor, whenever the interest of justice so requires."  5 CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE & PROCEDURE § 1286 (4th ed.) (internal citations omitted).  The federal rules do not, however, require a district court "to fabricate a claim that a plaintiff has not spelled out in the complaint."  *Id.*

### B.        Analysis

The complaint asserts five claims:  breach of contract, discrimination, violation of due process, violation of civil rights, and infliction of emotional distress.  It expressly alleges that the plaintiff is seeking $7,000 in damages.

A fair view of the complaint and other pleadings suggest that plaintiff is attempting to assert claims under Massachusetts law.  The complaint does not mention the U.S. Constitution or the ADA, nor does plaintiff characterize her discrimination, due-process, and civil-rights claims as federal claims.  Her motion for remand contends that the federal courts do not have jurisdiction because "[i]t is not a Federal state but it's a Mass Law."  (Mot. Remand at 1). Plaintiff was certainly on notice that she could bring an ADA claim; the Superior Court's show-cause order expressly warned her that she must assert her discrimination claims under the ADA to avoid a possible federal-preemption issue.  Furthermore, the original Superior Court complaint filed by plaintiff referred to the U.S. Constitution.  She did not, however, cite either the ADA or U.S. Constitution in her current complaint.

Under the circumstances, it seems clear that plaintiff seeks only to assert state-law claims.  "[T]he party who brings a suit is master to decide what law he will rely on."  *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913).  "The availability of a parallel federal-law cause of action does not create federal-question jurisdiction where a wholly state-law claim is available."  *Kay v. Friendly's Ice Cream, LLC*, 2014 WL 7361243, at *2 (D. Mass. 2014).  The

Court will therefore, where possible, construe the plaintiff's claims as state-law claims.

First, the complaint simply alleges that plaintiff suffered "discrimination." (Compl. at 3). The factual allegations provide some context: plaintiff "walk[s] with a noticeable limp" and "was escorted in a wheelchair" to meet with Spirit agents. (*Id.*). The implicit claim of the complaint is that Spirit's agents treated the plaintiff "worse than other [ ] passenger[s]" because of those characteristics, "humiliat[ing]" and "embarrass[ing]" her. (*Id.*). That claim will be construed as a claim for discrimination on the basis of disability or handicap in a place of public accommodation under either Massachusetts (or possibly Georgia) law. *See* Mass. Gen. Laws ch. 272, § 98; GA. CODE. ANN. § 30-4-2 (West 2022).

It is certainly possible that such a claim would be entirely preempted by federal law. *See* 35 MASS. PRAC., CONSUMER LAW § 4:14 (4th ed.) (noting that federal statutes often preempt state laws that could regulate air travel); *Lopez v. Jet Blue Airways*, 662 F.3d 593, 597-98 (2d Cir. 2011) (noting consensus among the federal circuits that the ACAA precludes private rights of action against air carriers). But construing the claim as an ADA claim would probably doom it as well, because the ADA does not apply to air transportation. *See* 42 U.S.C. § 12181(10); *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004). In any event, the futility of a claim on remand is not a reason to reject remand; the statute requires that if a removed action fails for lack of subject-matter jurisdiction, the district court "shall" remand the case. 28 U.S.C. 1447(c); *see also Russell's Garden Ctr., Inc. v. Nextel Commc'ns of Mid-Atlantic, Inc.*, 296 F. Supp. 2d 13, 19-20 (D. Mass. 2003) (collecting numerous cases from the federal courts holding that futility of a claim upon remand should not prevent remand).

Second, the complaint alleges that Spirit violated the plaintiff's "due process" rights. It does not make clear which of Spirit's alleged actions deprived the plaintiff of due process. The

notice of removal contends that a due-process claim creates federal-question jurisdiction because such a claim necessarily arises under the U.S. Constitution.  (Notice of Removal ¶ 13).  However, it is possible to construe the due-process claim as a state constitutional claim.  The Massachusetts Constitution provides due-process rights that are distinct from those provided by the U.S. Constitution.  *See Coffee-Rich, Inc. v. Commissioner of Public Health*, 348 Mass. 414, 421-22 (1965) (noting that Articles 1, 10, and 12 of the Massachusetts Declaration of Rights provide due-process rights that constrain the state police power); *Goodridge v. Department of Pub. Health*, 440 Mass. 309, 329 (2003) (noting that the Massachusetts Constitution provides equal protection and due-process rights).  If Georgia law applies, the claim could be construed as arising under Georgia's constitution, which explicitly provides due-process rights.  *See* GA. CONST. art. I, § 1 (West 2022).  The Court will therefore construe the due-process claim as one arising under state constitutional law, not federal law.

Third, the complaint alleges that Spirit violated plaintiff's "civil rights."  Again, the complaint does not make clear which of plaintiff's civil rights were violated by Spirit's alleged conduct.  The notice of removal contends that a civil-rights claim creates federal-question jurisdiction because such rights are necessarily created by federal law.  (Notice of Removal ¶ 13).  However, Massachusetts law creates a variety of civil rights, including the right to be free from disability discrimination in places of public accommodation.  Mass. Gen. Laws ch. 272, § 98 ("This right is recognized and declared to be a civil right.").  Massachusetts also has a separate civil-rights statute, although substantially narrower than its federal counterpart.  Mass. Gen. Laws ch. 12, §§ 11H-11J.  If Georgia law applies, Georgia requires equal treatment of disabled persons on common carriers, airplanes, and places of public accommodation.  GA. CODE. ANN. § 30-4-2 (West 2022).  The Court will, therefore—without deciding which statute is

most appropriate for the action—construe the civil-rights claim as one arising under state law, not federal law.

Finally, the complaint asserts claims of breach of contract and infliction of "emotional [di]stress."  The breach-of-contract claim appears to arise out of the allegation that plaintiff had paid for a checked bag and that Spirit employees forced her to pay for the checked bag again. The emotional-distress claim appears to arise out of the allegation that plaintiff's experience with Spirit employees in Atlanta left her humiliated and embarrassed, to the point where her blood pressure rose, forcing her to seek medical attention.  (Compl. at 3).  Those are state-law claims that do not implicate federal-question jurisdiction.

In sum, it is possible to construe all of plaintiff's claims as state-law claims.  There is no diversity jurisdiction over the action because the complaint, in apparent good faith, pleads damages of only $7,000, well below the amount-in-controversy requirement.  Because federal question and diversity jurisdiction are lacking, remand is appropriate.  Whether those claims can survive a defense of federal preemption, or must fail for any other reason, is not a basis to deny remand.

### III.     Motion to Dismiss

Because the Court will remand the case to state court, it need not consider defendant's motion to dismiss.  It will therefore be denied as moot.

### IV.     Conclusion

For the foregoing reasons, plaintiff's motion to remand to the Boston Municipal Court is GRANTED.  Defendant's motion to dismiss is DENIED as moot.

**So Ordered.**

/s/ F. Dennis Saylor IV

F. Dennis Saylor IV

Dated:  October 17, 2022                         Chief Judge, United States District Court